McIlvaine, J.
The principles upon which the right of the plaintiff, as assignee of the Home Mutual Life Insurance Company, to enforce the foreclosure sought, must be resolved in its favor, are fully stated in Ehrman v. Union Central Life Insurance Co., ante p. 324.
That a condition in a mortgage, like the one before us, is not broken, except by a failure to pay w'ithiu sixty days after demand of payment is duly made upon the mortgagor, although such demand may be made by any person entitled *356 to collect.the money clue on the note and mortgage, has been decided and reported in Union Central Life Insurance Co. v. J. P. Curtis, ante p. 343.
In the case before us, the testimony showed that, more than sixty days before the action was commenced, one Harris, who had possession of the note, and claimed to be the agent of the plaintiff, made demand of payment from the makers ; but, inasmuch as his authority as such agent was denied, and there was no testimony offered tending to show his agency as a matter of fact, a majority of the court (myself doubting) are of opinion that the mere possession of the note-by Harris, and his claim of agency, did not prove his authority to make the demand for the plaintiff.
The counterclaim, or set-off, of four hundred dollars paid by the defendant to the Home Mutual Company, under the resolutions of June 13, July 13, and August 1, 1871, can not be maintained. The Home Mutual Company being insolvent — that is to say, the value of all its property assigned to plaintiff being insufficient to pay its creditors— there were no assets to be divided between the stockholders ; and, as to its creditors who are represented by the plaintiff, the payment of the four hundred dollars did. not create an indebtedness against the assigning corporation, under the resolutions of June 13 and July 13, 1871.
The defendant can take nothing under the resolution of August 1, for the plain reason that no individual liability is sought to be enforced against him. In fact, he was relieved from such liability by the contract under which the note and mortgage were transferred to the plaintiff, it having been shown by the proof that all the liabilities of the Home Company have been discharged by the Union Central Company. As to the alleged off-sets of one hundred dollars paid in September, 1868, and the dividend of January, in the same year, no question of law arises. If the facts be as stated in the answer, no reason appears why these sums should not be allowed to the defendant.
As to the pendency of the cross-petition of the receiver of the Home Mutual Company, in the Superior Court of *357 Montgomery county, it is enough to say that the receiver makes no claim inconsistent with the plaintiff’s right to recover.
The judgment of the district court will be so modified as to show that the petition is dismissed upon the sole ground that no action will lie to foreclose the mortgage, until sixty days after demand of payment of the debt has been duly made.

Judgment accordingly.